# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A.**, a Texas professional association, individually and as the representative of a class of similarly-situated persons,<br><br>   Plaintiff,<br><br>v.<br><br>**ICARE CREDIT SOLUTIONS, LLC**, d/b/a iCare Financial, a Georgia limited liability company,<br><br>   Defendant. | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, Timothy Michael Huckabee, D.D.S., P.A. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, iCare Credit Solutions, LLC d/b/a iCare Financial ("iCare"):

## PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending unsolicited facsimiles.

2.     The federal Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 *et seq.* ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of unsolicited advertisements on or about April 14, 2016 ("the April 14 Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof. The April 14 Fax promotes the services and goods of Defendant. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA. Indeed, Defendant is a serial violator of the JFPA, having been sued at least four times over alleged violations of the JFPA and TCPA in just the last two years.

3.     Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.

A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

5.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon common facts: the facsimile transmissions at issue were and are being sent by the same people in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act. Plaintiff also seeks reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.      Venue is proper in this District because Defendant committed a statutory violation within this district, a significant portion of the events took place within this District, and Defendant is headquartered within this District.

## PARTIES

8.      Plaintiff, TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A., is a Texas professional association with its principal place of business located in Southlake, Texas.

9.      On information and belief, Defendant, ICARE CREDIT SOLUTIONS, LLC d/b/a ICARE FINANCIAL ("iCare"), is a Georgia limited liability company with its principal place of business in Kennesaw, Georgia. iCare at all relevant times marketed and sold credit and financial assistance products and services.

## FACTS

10.      On or about April 14, 2016, Defendant transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11.    iCare profited by and received the benefits of marketing of its products and is a responsible party under the JFPA.

12.    Defendant created or made Exhibit A which Defendant knew or should have known advertises and solicits consumers to buy Defendant's goods or services that Defendant intended to and did in fact distribute to Plaintiff and the other members of the class.

13.    Exhibit A is part of Defendant's work or operations to market Defendant's goods or services that were performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

14.    Plaintiff had not invited or given permission to Defendant to send the April 14 Fax.

15.    On information and belief, Defendant faxed the same and similar unsolicited facsimiles to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

16.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17.     Defendant's facsimiles did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because, *inter alia*, they failed to apprise persons of their right to opt out and of iCare's duty to honor the opt out within thirty (30) days and that failure to do so is a violation of the law.

## CLASS ACTION ALLEGATIONS

18.     In accordance with F. R. Civ. P. 23(b)(2) and (b)(3), and LR 23.1(A)(2), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons in the United States who: (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant that had the same opt out notice as that contained on Plaintiff's April 14th Fax, (3) with whom Defendant did not have an established business relationship,  and (4) for whom Defendant claims it obtained express permission or invitation to send the fax in the same manner as it claims it obtained prior express permission or invitation to send the April 14th Fax to Plaintiff.

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary. Plaintiff anticipates the need and thus reserves the right to amend the class definition upon completion of class certification discovery.

19.     Class Size (F. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable.

Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands. Membership in the class is dependent upon reference to objective criteria, and only Defendant knows the number of persons to whom it has sent its unlawful faxes.

20.     Commonality (F. R. Civ. P. 23 (a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Defendant sent unsolicited fax advertisements;

(b)     Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

(c)     The manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d)     Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

(e)     Whether the Defendant sent the faxed advertisements knowingly;

(f)     Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

7

(g)     Whether the April 14 Fax contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(h)     Whether the Defendant should be enjoined from faxing advertisements in the future;

(i)     Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

(j)     Whether the Court should award treble damages.

21.    Typicality (F. R. Civ. P. 23 (a)(3)): The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the April 14 Fax sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

22.    Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)): The Plaintiff will fairly and adequately represent and protect the interests of the class. It

is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

23.     Common Conduct (F. R. Civ. P. 23 (b)(2)): Class certification is also appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24.     Predominance, Superiority & Manageability (F. R. Civ. P. 23 (b) (3)): Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)     Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

(c)     The Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

(e)     This case is manageable as a class action in that:

i.      The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

ii.     Liability and damages can be established for the Plaintiff and the class with the same common proofs;

iii.    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

iv.     A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

      v.     A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

      vi.    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq.*

25.   Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set for in paragraphs 1-24 above.

26.   The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

27.   The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

28.   The April 14, 2016 Fax was sent without any established business relationship and without any prior express invitation or permission from Plaintiff or any of the other Class members.

29.   The April 14, 2016 Fax fails to contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements that is

clear and conspicuous and on the first page of the advertisement, that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of 47 C.F.R. § 64.1200 is unlawful, that sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of 47 C.F.R. § 64.1200, and that includes (a) a domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and (*b*) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or email address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. The notice similarly failed to include working telephone and facsimile numbers and a cost-free mechanism identified in the notice that would permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

30.    Indeed, the JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of

the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

1.    a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.    a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.    a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in

¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements.

31.   **2006 FCC Report and Order.**  The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.     The definition of and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

14

B.     The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

C.     The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

D.     The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or invitation" to receive the sender's fax (*See* Report and Order ¶48);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express

permission or invitation" to receive the faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

32.    **The April 14 Fax.**  Defendant sent the April 14, 2016 fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The April 14 Fax constituted advertisements under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the April 14 Fax. The April 14 Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the April 14 Fax via facsimile transmission to Plaintiff and members of the Class.

33.    **Defendant's Other Violations.**  Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or

entities without their prior express permission or invitation (and/or that Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

34.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

35.     The JFPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if their actions were only negligent.

36.     The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the Plaintiff and the other class members did not have an established

business relationship; (c) Defendant transmitted an advertisement; and (d) the April 14 Fax did not contain the required Opt-Out Notice.

37.    The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

38.    As such, the April 14, 2016 Fax constitutes an unsolicited advertisement.

WHEREFORE, Plaintiff, TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant ICARE CREDIT SOLUTIONS, LLC d/b/a ICARE FINANCIAL, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

B.      That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

C.      That the Court award treble damages where willfulness is shows;

D.      That Court enjoin the Defendant from additional violations and declare that Defendant's faxes are unsolicited advertisements sent in violation of the TCPA and JFPA; and

E.      That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

Dated: June 6, 2016                      Respectfully submitted,

                                         TIMOTHY     MICHAEL     HUCKABEE,
                                         D.D.S., P.A., individually and as the
                                         representative of a class of similarly-situated
                                         persons.

                                         By: /s/ Jennifer Auer Jordan
                                         Jennifer Auer Jordan (No. 027857)
                                         jordan@ssjwlaw.com
                                         Shamp Speed Jordan Woodward
                                         1718 Peachtree Street, N.W., Suite 660
                                         Atlanta, Georgia 30309
                                         Tel: 404.893.9400
                                         Fax: 404.260.4180

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809

*Pro Hac Vice Application to be filed

Attorneys for Plaintiff and the Class

## **LOCAL RULE 5.1 CERTIFICATION**

I hereby certify that I filed the above and foregoing with the Clerk of the Court and that such paper complies with Local Rule 5.1 and was prepared using a typeface of 14 points in Times New Roman.

/s/ Jennifer Jordan